**IN RE: Marco Antonio BRIONES–COROY, Debtor.**

**Patrick S. Layng United States Trustee Region 19, Plaintiff,**

v.

**Emmanuel M. Assaf dba Emmanuel Assaf Debt Relief Agency Defendant.**

**Case No. 10-40900 SBB**
**Adv. No. 11-01311 SBB**

United States Bankruptcy Court, D. Colorado.

nunc pro tunc July 1, 2014

Signed July 23, 2014

---

Scott L. Evans, Denver, CO, for Defendant.

Gregory Garvin, Alison Goldenberg, Denver, CO, for Plaintiff.

Chapter 7

**ORDER DENYING JOINT MOTION TO APPROVE STIPULATION BETWEEN THE UNITED STATES TRUSTEE AND EMMANUEL ASSAF AND ORDER TO SHOW CAUSE**

Sidney B. Brooks, U.S. Bankruptcy Judge United States Bankruptcy Court

This matter having come before the Court on the Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims hereby issues the following findings of fact, conclusions of law, and order as follows:

**PROCEDURAL HISTORY**

1. The issue before the Court involves the Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims.

2. On May 13, 2011, the United States Trustee ("UST") filed an adversary complaint against bankruptcy peti-

tion preparer Emmanuel M. Assaf for numerous violations of 11 U.S.C. § 110. (Docket # 1).

3. On February 24, 2012, the UST filed a Motion for Partial Summary Judgment. On May 24, 2012, the UST filed a Motion for Judgment on the Pleadings Without Trial.

4. Trial in this matter was held from June 4, 2012 through June 6, 2012. At the commencement of the trial, the Court granted the UST's motion for summary judgment including, but not limited to the granting of relief for Debtors under 11 U.S.C. § 110(i). The Court treated the Motion for Judgment on the Pleadings Without Trial as a supplement to the Motion for Partial Summary Judgment. Trial was held on the UST's remaining claims which included violations under 11 U.S.C. § 110(e) (legal advice) and 11 U.S.C. § 110(g) (collection of court filing fees), as well as the Court's request for clarification of damages and monetary awards.

5. On September 18, 2012, the Colorado Attorney Regulation Counsel filed suit against Emmanuel Assaf captioned: *People of the State of Colorado vs. Emmanuel M. Assaf,* Case No. 12SA273. Upon information and belief, a judgment has entered in favor of the State of Colorado.

6. On October 23, 2012, the Court entered Judgment in favor of the UST. That same day, the Court also entered a Memorandum Opinion and Order in favor of the UST. The Court's Notice and Certificate of Mailing shows that the Memorandum Opinion and Order and Judgment (collectively "October 23, 2012 Order") were sent to Emmanuel As-

saf at both of his business addresses in Aurora and Arvada.

7. The October 23, 2012 Order enumerated numerous sanctions against Emmanuel Assaf and injunctive relief.

8. Regarding the UST's First Claim for Relief (refund of all fees), the Court ordered and adjudged the following:

For violation of 11 U.S.C. § 110(h)(2), within 30 (thirty) days after the entry of this Order on the Court's docket, the Defendant shall, pursuant to 11 U.S.C. § 110(h)(3), tender to the United States Trustee all fees paid to him by the Debtors listed on **Exhibit A** attached to the Court's Order issued concurrently herewith. The United States Trustee shall disburse the refunds to the Debtors within thirty (30) days after all fees have been tendered by the Defendant....

9. Regarding the UST's Third Claim for Relief (collecting Court filing fees), the Court ordered and adjudged the following:

The Defendant did indeed collect, receive or otherwise deal with Debtors' Court filing fees. Within 30 (thirty) days after the entry of this Order on the Court's docket, the Defendant shall tender to the United States Trustee the sum of $3,060.00.

10. Regarding the UST's Fifth Claim for Relief (injunction for willful pattern of conduct), the Court enjoined Assaf for ten years and ordered and adjudged the following:

In accord with the relief granted, Defendant, as an individual and a/k/a Emmanuel Assaf Debt Relief Agency, directly or indirectly, by and through any of his agents, partners, officers, directors, representatives, servants, employees, associates, assignees, suc-

cessors or assigns and/or all persons and legal entities working in concert and participation with Defendant are, commencing forthwith, hereby enjoined for a period of ten (10) years from the date of the entry of this Order on the Court's docket, in both Colorado and in the United States:

(a) From acting, directly or indirectly, as a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110 and any amendments thereto.

(b) From providing any services, directly or indirectly, as a debt relief agency or from providing any bankruptcy assistance, as those terms are defined in 11 U.S.C. § 101, *et al.*, and any amendments thereto.

(c) From typing, assisting, advising, providing legal guidance, advice, assistance, or consultation of any kind, directly or indirectly, to any person in connection with the filing or prosecution of any bankruptcy case or any document in any bankruptcy case.

(d) From advertising, selling, marketing, displaying, or making any other offer or making any representation, directly or indirectly, that they may provide any of the services enjoined by this Order.

(e) From giving any legal advice, from preparing or assisting in the preparation of any petitions, schedules, statement of financial affairs or any other documents for filing in a bankruptcy case in the District of Colorado or anywhere in the United States or from rendering any advice, instruction, direction or assistance with the preparation of any document for filing in any bankruptcy matter in Colorado or anywhere in the United States; whether for a direct fee, indirect compensation or for free, pursuant to 11 U.S.C. § 110(j)(2)(B), until such time as Defendant is admitted to practice law in the state where the bankruptcy case is filed.

(f) From contracting or agreeing, directly or indirectly, whether orally or in writing, with anyone to perform any service or engage in any act enjoined by this Order.

IT IS FURTHER ORDERED with respect to the Fifth Claim for Relief, that immediately after entry of this Order on the Court's docket the Defendant, as an individual and a/k/a Emmanuel Assaf Debt Relief Agency, directly or indirectly, by and through any of his agents, partners, officers, directors, representatives, servants, employees, associates, assignees, successors or assigns and/or all persons and legal entities working in concert and participation with Defendant shall:

(a) cease all advertising for services offered in connection with any bankruptcy, including cancelling all print, radio, television or online ads;

(b) disable any websites, blogs or other electronic forums or media that advertises prohibited services;

(c) remove signs, notices, posters, billboards or other means of notifying the public of offered services that are prohibited; and

(d) destroy all advertising materials, business cards, letterhead, envelops or any other material advertising his services in connection with bankruptcy cases.

IT IS FURTHER ORDERED that with respect to the Fifth Claim for Relief, notwithstanding anything otherwise provided herein, this injunction shall prohibit the above described conduct, regardless of whether any service or product is provided for a fee, barter, trade or for free.

11. Regarding the UST's Sixth Claim for Relief (damages for fraudulent, unfair or deceptive acts upon the Debtors), the Court ordered and adjudged the following:

**As set forth in paragraph one of this Court's Order, Defendant shall pay to the United States Trustee, for and on behalf of each of the 240 Debtor cases, the sum of $480,000.00. As provided in paragraph one of this Order's Order [sic], this sum shall be paid to the United States Trustee for accounting and distribution to each of the Debtors.**

Emphasis added.

12. The Court further ordered Assaf to do the following:

IT IS FURTHER ORDERED that within thirty (30) days from the date of the entry of this Order on the Court's docket, Defendant shall file a declaration with this Court, under penalty of perjury, that he has fully complied with this Order.

13. The Court further ordered the UST to file an application for attorney's fees and costs. On November 26, 2012, the UST filed a Motion to Approve United States Trustee's First and Final Fee Application for Attorneys' Fees and Costs Related to Damages under 11 U.S.C. 110(i).

14. On December 5, 2012, the UST filed the United States Trustee's Statement Regarding Emmanuel Assaf's Noncompliance with this Court's Order Entered on October 23, 2012. On December 10, 2012, the Court entered an Order indicating the Court would not take any action at the current time with respect to the Status Report.

15. On December 20, 2012, the Court entered an Order Granting the UST's First and Final Fee Application for Attorneys' Fees and Costs Related to Damages Under 11 U.S.C. § 110(i)(C). The Court awarded attorney's fees in the amount of $19,268.48 and costs in the amount of $2,657.50. These amounts were to be payable to the U.S. Trustee System Fund within 30 days of entry of the Court's December 20 Order.

16. On June 13, 2013, the UST filed a Motion for an Order requiring Emmanuel Assaf to show why he should not be held in civil contempt and why additional fines and sanctions should not be imposed because of his failure to comply with prior orders of the Court. ("UST's Motion for Contempt and Sanctions"). The UST alleged, among other things, that Emmanuel Assaf failed to pay any of the 240 debtor-victims.

17. On September 16, 2013, the Court granted the UST's Motion for Contempt and Sanctions and held Emmanuel Assaf in civil contempt of Court. The Court issued a warrant for Emmanuel Assaf's arrest.

18. On September 18, 2013, the arrest warrant was served on Emmanuel Assaf and he was taken into custody by the U.S. Marshals. That same day, the Court conducted a hearing on this matter setting forth deadlines for the parties in connection with the Court's resolution of its Order Granting the United States Trustee's Motion for Contempt and Sanctions. The Court ordered that the arrest warrant be quashed. The Court also ordered that "the United States Trustee shall, on or before October 25, 2013, file with the Court either a stipulated agreement providing for

specific provisions and procedures for Emmanuel Assaf's compliance with the orders of this Court or a statement informing the Court why no such agreement could be reached." *See* Docket # 160.

19. On September 18, 2013, the Court also ordered that Emmanuel Assaf do the following:

(A) Mr. Assaf shall, on or before **October 4, 2013,** deliver to the United States Trustee the following documents (1) bankruptcy form Schedules A through J; (2) bankruptcy form Statement of Financial Affairs; and (3) other documents requested by the United States Trustee. All documents shall be filed out in their entirety and signed by Mr. Assaf under oath.

(B) Mr. Assaf shall, on or before **October 18, 2013,** file with the Court and provide to the United States Trustee written, substantial, and specific responses to paragraphs 16 through 29 of the United States Trustee's Motion For An Order Requiring BPP Emmanuel Assaf to Show Cause Why he Should not be: 1) Held in Contempt of this Court; (2) Why Additional Fines and Other Sanctions Should Not be Imposed upon his Failure to Comply with the Prior Orders of This Court filed June 13, 2013

*See* Docket # 160.

20. The UST and Emmanuel Assaf thereafter agreed to explore a payment plan to the 240 debtor-victims and file a stipulated agreement once an agreement could be reached.

21. The UST and Emmanuel Assaf sought three extensions of the October 2013 deadline to file a stipulated agreement to allow the Parties to complete discovery and hopefully arrive at a mutually agreed resolution. Emmanuel Assaf retained an attorney and the parties attempted to negotiate a settlement wherein the 240 debtor-victims would be paid.

22. On May 1, 2014, the parties filed a Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims.

23. On May 1, 2014, the UST also filed a Motion to Set Hearing on the Parties' Stipulation Regarding Payments to 240–Debtor Victims ("Motion to Set Hearing").

24. The issues before the Court are the issues raised in the UST's Motion to Set Hearing, as well as the parties' Stipulation. Issues are as follows: 1) The settlement agreement and the parties' execution of the proposed payment plan; 2) Emmanuel Assaf's real properties and transfers of real property to his wife, Katya Assaf during the pendency of this case; and 3) Emmanuel Assaf's request that the 10-year injunction be lifted so that he may act as a Bankruptcy Petition Preparer under the supervision of an attorney.

25. On July 1, 2014, the Court held a non-evidentiary hearing regarding the Joint Motion to Approve Stipulation and Stipulation Between the United States and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims. At the conclusion of the hearing, the Court required counsel for the U.S. Trustee to sub-

mit a proposed order based on statements made by the Court.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

26. Pursuant to this Court's detailed prior orders, Emmanuel Assaf has engaged in a litany of extensive and consequential misdeeds and violations of the Bankruptcy Code; specifically, 11 U.S.C. § 110.

27. The Court points out that all of the prior Orders that have been issued by this Court are final and non-appealable and that Emmanuel Assaf had ample opportunity to appeal. Emmanuel Assaf has not done so.

28. This Court ordered Emmanuel Assaf to pay the UST, for and on behalf of each of the 240 debtor-victims' cases, the sum of $480,000.00. To date, Emmanuel Assaf has made no payments.

29. The parties propose that Emmanuel Assaf make monthly payments in the amount of $250.00. Although payments will increase over time, the payment plan will require oversight by either the UST or another entity for over 25 years until the $480,000.00 judgment is fully paid and satisfied.

30. The UST has advised the Court that neither he, nor the U.S. Trustee Program, can collect or distribute the funds to the 240 debtor-victims.

31. Emmanuel Assaf has two real properties titled in his name. Emmanuel Assaf transferred at least six other properties, including his residence, to his wife Katya Assaf while this case was being litigated.

32. Despite this Court's 10–year injunction, Emmanuel Assaf seeks to be a bankruptcy petition preparer under the supervision of an attorney. As the record demonstrates, Emmanuel Assaf has engaged in some of the most harmful, destructive and deceptive conduct that the Court has seen from a bankruptcy petition preparer. Mr. Assaf has thereafter engaged in bad faith negotiations regarding resolution of the judgments and contempt orders entered against him. Mr. Assaf transferred properties via quitclaim deed to his wife Katya Assaf during the pendency of the UST's litigation. There is now an approximate $1 million to $1.5 million of equity in the properties owned by Mr. and Mrs. Assaf which have not been offered for payment in whole or part for payment to the debtor victims.

33. Shockingly to the Court, Mr. Assaf has failed to bring the matter to a fair and timely conclusion. Instead, Mr. Assaf seeks to make payment over 25 years and not pay his victims from the property he owns or has perhaps fraudulently transferred to his wife. Given this apparent pattern of deception and bad faith, Mr. Assaf cannot be a bankruptcy petition preparer with or without an attorney in supervision.

34. The Bankruptcy Clerk of Court does not have the resources to collect or distribute the funds to the 240 debtor-victims. According to this Court's calculations, a payment plan of this magnitude is a logistical nightmare and it would require the Clerk's Office to generate approximately 26,000 checks over the course of the proposed payment

plan. The logistical issues attendant to locating and tracking the 240 debtor-victims over this length of time would not only be an enormous task, but likely an impossible one.

35. The payment plan and the proposed length of time is unacceptable especially in light of the equity held in the Assafs' real properties.

36. This Court also cannot understand and is baffled why the two judgments entered against Assaf have not resulted in liens or foreclosure proceedings on the property or other execution actions by the UST. The UST's office bureaucracy is not an excuse to allow Mr. Assaf to walk away with all his assets. There are additional avenues available to the UST including recovering properties from Katya Assaf for what may have been fraudulent transfers to her under state or federal law, filing lis pendens, filing transcripts of judgment and filing liens.

37. This Court will not approve the parties' Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims.

38. This Court finds that Emmanuel Assaf shall refrain from transferring or encumbering any real property.

39. This Court shall issue an Order to Show Cause requiring the UST to explain why he has not executed the Judgment on behalf of the debtor-victims and explain why the he has not filed liens or pursued other state law remedies in order to effectuate this Court's judgment.

## ORDER AND ORDER TO SHOW CAUSE

40. Having reviewed the parties Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims,

**EFFECTIVE AS OF July 1, 2014, IT IS ORDERED** as follows:

(1) The Joint Motion to Approve Stipulation and Stipulation Between the United States Trustee and Emmanuel Assaf Resolving the United States Trustee's Motion for Order to Show Cause Regarding Payments to 240 Debtor–Victims is DENIED; AND FURTHER ORDERS

(2) Emmanuel Assaf shall abide by this Court's Order entered on October 23, 2012 and specifically, he shall not act as a bankruptcy petition preparer in any capacity including under the supervision of an attorney; AND FURTHER ORDERS

(3) Emmanuel Assaf is hereby prohibited from selling, transferring or encumbering any real estate titled in his name and/or in the name of his wife, Katya Assaf, without approval of the Court; AND FURTHER ORDERS

(4) The U.S. Trustee shall submit in writing on or before **August 6, 2014,** a response to this Court's Order to Show Cause regarding any efforts the UST has made to execute this Court's Judgment on behalf of the debtor-victims. If the UST has not

made any efforts, he shall explain why he has not executed the Judgment on behalf of the debtor-victims and explain why the he has not filed lis pendens, liens, transcripts of judgment, or pursued other state law remedies in order to effectuate this Court's judgment.